IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

SEP 0 3 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

**GREGORY K. KELLERMAN,**
**individually and as the representative**
**of a class of similarly situated persons,**

**Plaintiff,**

**vs.**

**BLOCKBUSTER, INC.,**

**Defendant.**                                                        **No. 02-CV-0567-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Kellerman's motion to remand (Doc. 8).

Blockbuster sternly opposes the motion. Based on the pleadings and the applicable

law, the Court concludes lacks subject matter jurisdiction. Therefore, the Court

grants Kellerman's motion to remand.

On April 24, 2002, Gregory Kellerman, individually and as the

representative of a class of similarly situated persons filed a one count breach of

contract claim against Blockbuster, Inc., in the Circuit Court of Madison County,

Illinois (Doc. 2).[1] Kellerman alleges that Blockbuster routinely and systematically

---

[1]       Kellerman purports to represent the following class of persons:
All current and former members of the Blockbuster Rewards
program who, while members of the program, paid for video

breached contracts with its customers by failing to count extended viewing fees as paid rentals under the Rewards program. Kellerman's complaint also contains the following disclaimer:

> Blockbuster cannot remove this case to federal court because there is no basis for federal jurisdiction. Plaintiff asserts no federal question and his individual claim is worth less than $75,000, inclusive of all damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.

(Doc. 2, p. 11, ¶ 10). Despite Kellerman's disclaimer, Blockbuster removed the action to this Court based on both federal question jurisdiction, **28 U.S.C. § 1331**, and on diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 1). Blockbuster argues that the Court has diversity jurisdiction over Kellerman's claim because the amount in controversy will exceed $75,000 after the attorney fees are attributed to his claims. Further, Blockbuster contends that the Court has federal question jurisdiction under the Video Privacy Act, **18 U.S.C. § 2710**, and under the Federal Due Process Clause because Kellerman's complaint proposes the certification of a class that substantially overlaps with the class in *Scott v. Blockbuster, Inc.*, **D 162-535** in Jefferson County, Texas.[2]

Now before the Court is Kellerman's motion to remand (Doc. 8).

_____

rentals Blockbuster did not count as paid rentals on their Blockbuster Rewards membership account.

[2] The *Scott* class included all persons who incurred Extended Viewing Fees from January 1, 1992 to April 1, 2001. Also, the *Scott* class released the claims asserted in Kellerman's complaint. *Scott*, **Final Judgment ¶ 6, Findings and Conclusions ¶ 71**.

Kellerman contends that the Court lacks federal question jurisdiction over his common law breach of contract claim and that the Court lacks diversity jurisdiction because he expressly disclaimed any recovery in excess of $75,000.00.

## II. **Analysis**

An action cannot be removed to federal court if it could not have originally been filed in federal court. ***Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997); 28 U.S.C. § 1441(a)**. The party seeking removal has the burden of establishing the jurisdiction of the district court. ***Wellness Community National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)**.

### **Diversity Jurisdiction**

The Court finds that Blockbuster has failed to establish that the amount in controversy has been met. It is well settled that a plaintiff can block removal based upon diversity by disclaiming any recovery in excess of the jurisdictional minimum. ***See In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997)("plausible or not, a plaintiff can always stay under the minimum amount in controversy by waiving his rights to more")**. Moreover, in attributing fees to the amount in controversy, Blockbuster relies on Fifth Circuit Court of Appeals opinions in interpreting a Louisiana statute that allows representative plaintiffs to recover attorney fees, which does not apply here. Consequently, the amount in controversy requirement of **28 U.S.C. § 1332** is not satisfied, therefore, removal on that basis was improper.

## Federal Question Jurisdiction

In determining whether federal question jurisdiction exists, the starting point is the "well-pleaded complaint" rule which provides that "federal question is presented on the face of the plaintiff's properly pleaded complaint." *In the Matter of the Application of County Collector of the County of Winnebago, Illinois*, 96 F.3d 890, 895 (7th Cir. 1996). The defendant cannot remove a case to federal court by simply asserting a federal question in his responsive pleading. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). For the most part a "'suit arises under the law that creates the cause of action.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988).

### Video Privacy Act

Kellerman argues that his claim does not arise under the Video Privacy Act. Specifically, Kellerman argues that the Video Privacy Act does not create his common law breach of contract claim and at the most this is an affirmative defense that Blockbuster may raise in the future. Kellerman also avers that his complaint does not mention the Video Privacy Act and no element of breach of contract includes any right or immunity created by the Act. Blockbuster counters that Kellerman by his pleadings directly implicates the Vide Privacy Act requiring the Court to decide issues of federal law to resolve this lawsuit. Blockbuster contends that it is enough

4

that Plaintiff discloses the need to resolve issues under the Privacy Act.  The Court
rejects Blockbuster's argument.  The Court finds that the Video Privacy Act does not
confer federal question jurisdiction because each plaintiff could be requested to
consent to his/her records being disclosed before participating in the class action.

**Due Process**

Kellerman argues that there is no federal question jurisdiction based on
a due process claim.  Kellerman maintains that the ***Scott*** settlement is nothing but
a potential affirmative defense to his claim and that unless Blockbuster interposes
the ***Scott*** settlement as a defense, it will never be considered.  Blockbuster contends
that Kellerman's claim depends on a due process challenge to the ***Scott*** settlement.
In particular, Blockbuster contends that the breach of contract claim alleged in
Kellerman's complaint already have been resolved and contractually released in the
***Scott*** case, thus, Kellerman must assert due process attacks to establish his class
claim.  The Court agrees with Kellerman.

Here, Kellerman's complaint is a simply state law breach of contract
claim.  It does not make reference to the Due Process Clause of the United States
Constitution or the ***Scott*** case.  Thus, the Court finds that the due process clause
based on the ***Scott*** case is a potential affirmative defense to Kellerman's claim.  The
law is clear that a defense implicating federal law does not provide a basis for
removal.  ***See Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000)**.  "This is
true even if all parties anticipate the defense or admit the federal defense is the only

question truly at issue." *Caterpillar, Inc. v. Williams*, **482 U.S. 386, 393 (1987)**. Therefore, the Court does not have federal question jurisdiction over Kellerman's breach of contract claim and the notice of removal is improper.

### III. Conclusion

Because the Court lacks subject matter jurisdiction, the Court **GRANTS** Kellerman's motion to remand (Doc. 8). The Court **REMANDS** the case to the Madison County, Illinois Circuit Court.

**IT IS SO ORDERED.**

Signed this 3rd day of _September_, 2002.

**DAVID R. HERNDON**
**United States District Judge**